UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BARRY WEISBECKER, : NO. 1:09-CV-00120
:
    Plaintiff, :
  v. : **OPINION & ORDER**
:
:
SOS FACILITY SERVICES, INC., :
 et al., :
:
    Defendants. :

    This matter is before the Court on Defendant SOS Facility Services, Inc.'s Motion to Dismiss, Or In The Alternative To Stay Pending Arbitration, Sequent, Inc.'s Cross-claim (doc. 23) and Defendant Sequent, Inc.'s Opposition thereto (doc. 25). For the reasons indicated herein, the Court DENIES SOS's Motion to Dismiss but ORDERS that Defendant Sequent, Inc.'s cross-claim be stayed pending arbitration.

**I. Background**

    Plaintiff filed a complaint under the Fair Labor Standards Act (the "FLSA") and the related Ohio law for unpaid overtime wages and under Ohio law for age discrimination against SOS Facility Services, Inc., Diana Good, Rodney Hollingsworth, Guardian Enterprise Group, Inc., and Sequent, Inc. (doc. 1). Weisbecker was hired by SOS as a preventative maintenance technician, and Plaintiff alleges that Sequent was, for some period of Plaintiff's employment, a joint employer with SOS (Id.).

    Sequent, pursuant to a Workforce Management Services

Agreement (the "Agreement"), had contracted with SOS to provide certain professional employer organization services, including processing Plaintiff's payroll, but denies that it ever was Plaintiff's employer, joint or otherwise (doc. 19). Sequent filed a cross-claim against SOS, contending that the Agreement contains an indemnification clause that requires SOS to indemnify and hold Sequent harmless from and against any liability, including the type alleged by Plaintiff (Id.). Sequent alleges that SOS has breached the Agreement by failing to indemnify and hold Sequent harmless and seeks attorneys' fees, costs and expenses in defending against Plaintiff's claims and bringing the cross-claim, as well as indemnity for any amounts for which Sequent may be found liable (Id.).

SOS, by the instant motion, moves the Court to dismiss Sequent's cross-claim or, in the alternative, to stay Sequent's cross-claim pending arbitration (doc. 23). In support of its motion, SOS notes that, in addition to the indemnification clause, the Agreement contains a mandatory arbitration provision, which states in relevant part that "[a]ll disputes under [the Agreement] not resolved by mediation, except for claims for injunctive relief, will be settled conclusively and without right of appeal therefrom by arbitration..." (Id.). SOS argues that Sequent's allegation that SOS is obligated to provide indemnity is a dispute "under [the Agreement]" and, consequently, the Court does not have jurisdiction

2

over Sequent's cross-claim because it must go instead to arbitration (Id., citing Federal Rule of Civil Procedure 12(B)(1) and (2)). In the alternative, SOS argues that the Court should stay Sequent's cross-claim pending arbitration (Id.).

## II. Discussion

Sequent argues that dismissal pursuant to Federal Rule of Civil Procedure 12(b) for lack of subject-matter jurisdiction or lack of personal jurisdiction is inappropriate for two reasons (doc. 25). First, SOS has not asserted lack of personal jurisdiction with respect to Plaintiff's claims and should not now be permitted to assert it with respect to Sequent's cross-claim (Id., citing J4 Promotions, Inc., v. Splash Dogs, LLC, 2009 WL 385611 (N.D. Ohio 2009). Second, Sequent argues that the Court does not automatically lose subject matter jurisdiction because of a mandatory arbitration clause (Id.). Sequent contends that the question of whether or not Sequent and SOS fully performed their obligations under the Agreement as such obligations relate to Plaintiff must be decided, at least in part, through Plaintiff's action before the Court, even if Sequent's cross-claim for indemnification must be arbitrated (Id.).

Although SOS seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) or (2), the bulk of SOS's arguments center on the enforceability of the arbitration clause and not on whether the Court actually has subject matter and personal jurisdiction

3

(doc. 23).

The Court first finds that SOS has presented a compelling case that arbitration of the indemnification issue is required by the Agreement. Given the federal policy favoring arbitration, the Court finds that the issue should be submitted to arbitration as the parties contractually agreed through the Agreement. See, e.g., Stout v. J.D. Byrider, 228 F.3d 709 (6th Cir. 2000). However, the Court further finds that staying the proceedings in lieu of dismissing the cross-claim is the appropriate course. With respect to subject matter jurisdiction, the underlying action here involves allegations of violations of the FLSA, and the questions of each parties' obligations under the FLSA and whether those obligations were fulfilled are central to Plaintiff's case. Clearly, FLSA claims fall under this Court's jurisdiction. See 29 U.S.C. §216(b); 28 U.S.C. §1331. SOS has simply not presented any compelling argument that the Court should dismiss Sequent's cross-claim for lack of subject matter jurisdiction rather than simply stay the claim pending arbitration. Because the Court has jurisdiction of the underlying claim, the Court finds that, under these circumstances, it has subject matter jurisdiction over Sequent's cross-claim. Therefore, the Court will not dismiss the claim pursuant to Federal Rule of Civil Procedure 12(b)(1).

Regarding personal jurisdiction, above and beyond the contention that SOS is an Ohio corporation (doc. 1), SOS has

admitted that it signed the Agreement, which provides that arbitration will take place in Ohio. This operates as a consent to personal jurisdiction so the Court does not see how SOS can now assert that the Court has no personal jurisdiction over it. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). Therefore, dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction is inappropriate.

**III. Conclusion**

For the foregoing reasons, the Court DENIES SOS's Motion to Dismiss but ORDERS that Defendant Sequent, Inc.'s cross-claim be stayed pending arbitration of SOS's obligation to indemnify Sequent against and hold Sequent harmless from Plaintiff's claims.


SO ORDERED.

Dated: February 18, 2010        s/S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge